UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**: 0:19cv62235

RYAN TURIZO, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

DEFENDERS, INC. d/b/a PROTECT
YOUR HOME,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff RYAN TURIZO ("Plaintiff") brings this class action against Defendant DEFENDERS, INC. d/b/a PROTECT YOUR HOME ("Defendant") under 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff alleges violations of a federal statute, and under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, and at least one Class member will belong to a different state than Defendant.

2. Plaintiff seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000 threshold for federal court jurisdiction under the Class Action Fairness Act.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

5. Defendant is an Indiana corporation, with its principal office located in Indianapolis, Indiana.

6. Defendant directs, markets, and controls its online business in the United States.

## ALLEGATIONS

7. In efforts to drum-up business, Defendant, through improper means, obtains the cellular telephone number of individuals, and without the prior express written consent of said individuals, launches into incessant calling campaign directed at said individuals. Plaintiff is one of these individuals.

8. On a date better known by Defendant, it (Defendant) obtained Plaintiff's cellular phone number, ending in 7820 (the "7820 Number"), and without Plaintiff's prior express written consent, began calling Plaintiff, nearly non-stop, in an attempt to capture Plaintiff's business.

9. For example, on September 6, 2019, Defendant placed, at minimum, four calls to the 7820 Number without Plaintiff's prior express consent.

10. Some or all of the calls Defendant placed to the 7820 Number originated from the number 786-619-1085.

11. Plaintiff received marketing phone calls from Defendant, whereby such were placed to Plaintiff without Plaintiff's express written consent.

12. Defendant's phone calls constitute telemarketing because said phone calls encourage the future purchase of Defendant's products by consumers.

13. Plaintiff received the phone calls within this judicial district and, therefore,

Defendant's violation of the TCPA occurred within this district.

14. Defendant caused other phone calls to be placed to individuals residing within this judicial district.

15. At no point in time did Plaintiff provide Defendant with express written consent to be contacted on the 7820 Number for marketing purposes.

16. Plaintiff is the subscriber and sole user of the 7820 Number.

17. Defendant, or an entity on Defendant's behalf, utilized a combination of hardware and software systems to place the phone calls at issue in this case. Said systems have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly or from a list at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

18. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of two (2) nationwide classes of similarly situated individuals.

20. The first class is the "**No Consent Class**," of which is defined as:

> **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** received one or more calls **[5]** marketing, advertising, and/or otherwise promoting goods, services, or events **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** by and through an automatic telephone dialing system or equipment **[8]** and Defendant lacked the class member's prior express written consent to place such call or calls.

21. Plaintiff is a member of the No Consent Class.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22. The second class is the "**DNC Class**," of which is defined as:

> **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** received one or more calls **[5]** marketing, advertising, and/or otherwise promoting goods, services, or events **[6]** from or by Defendant, or another person or entity acting on Defendant's behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member receiving the subject phone calls **[8]** and Defendant lacked the class member's express written consent to place such call or calls.

23. Defendant and its employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Although the exact number of members in the Class is currently unknown, Plaintiff believes the number of Class members to be in the thousands.

24. Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without the prior express consent of the subscriber of said telephone number. As such, the members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's phone and/or computer records.

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

27. Among the questions of law and fact common to the Class are: (1) whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system (an "ATDS"); (2) whether Defendant can meet their burden of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

showing that they obtained prior express consent to make such calls; (3) whether Defendant conduct was knowing and willful; (4) whether Defendant are liable for damages, and the amount of such damages; and (5) whether Defendant should be enjoined from such conduct in the future.

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places telephone calls to to telephone numbers assigned to cellular telephone services is accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

29. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may

PAGE | **5** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I.
## Violation of 47 U.S.C. § 227(b)
*(THE NO CONSENT CLASS)*

33. Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

34. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

35. The TCPA defines an "automatic telephone dialing system" (an "ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and other members of the Class defined above.

37. These calls were made without regard to whether Defendant had first obtained express written consent to make such calls. In fact, Defendant did not have prior express written consent to call the cell phones of Plaintiff and Class Members when the subject calls were placed.

38. Defendant, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to place marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

39. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to, at

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

minimum, $500.00 in damages for each violation.

40. Plaintiff and the Class are also entitled to an injunction against future calls.

41. Defendant knew that it did not have prior express written consent to place the complained of calls.

42. At all times relevant, Defendant knew or should have known that its conduct, as alleged herein, violated the TCPA.

43. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls to their cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

44. As a result of Defendant violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

*COUNT II.*
**VIOLATION OF 47 U.S.C. § 227(c)**
(*THE DNC CLASS*)

45. Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

46. It is a violation of the TCPA, 47 U.S.C. §227(c) to call a person who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200.

47. Defendant, or some person on its behalf, placed one or more marketing phone calls to Plaintiff and others' cellular telephone numbers when said numbers had been registered on the national do-not-call registry for more than 31 days.

48. Said phone calls were placed without Plaintiff's or the class members' express

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

written consent.

49. Defendant's phone calls were negligently placed, or alternatively, willfully placed despite prior knowledge of the TCPA.

50. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of herself and the class and against Defendant that provides the following relief:

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones registered with the national do-not-call registry;

(C) A declaration that Defendant made calls to numbers registered with the national do-not-call registry, and violated the TCPA in making such calls to the cell phones of Plaintiff and the class; and

(D) Any other relief the Court finds just and proper.

## JURY DEMAND

51. Plaintiff and Class Members hereby demand a trial by jury.

DATED:  September 6, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com